Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Benjamin F. Tookey (SBN 330508)
btookey@donigerlawfirm.com
DONIGER/BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER STROSS, an individual, <br><br> Plaintiff, <br><br> v. <br><br> FACEBOOK, INC., a Delaware Corporation; and DOES 1 through 10, <br><br> Defendants. | Case No.: <br><br> COMPLAINT FOR COPYRIGHT INFRINGEMENT <br><br> <u>Jury Trial Demanded</u> |

ALEXANDER STROSS, through counsel, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a)-(b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) because this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff ALEXANDER STROSS ("STROSS" or "Plaintiff") is an individual residing in Austin, Texas.

5. Upon information and belief, Plaintiff alleges that Defendant FACEBOOK, INC. ("FACEBOOK") is a Delaware Corporation with its primary place of business located at 1601 Willow Road, Menlo Park, California 94025, and is the primary owner of the website https://www.facebook.com/. Plaintiff further alleges that FACEBOOK maintains one or more offices in Los Angeles, California and/or this judicial district.

6. Upon information and belief, Plaintiff alleges that FACEBOOK's website, www.facebook.com, allows users to publish posts which include images and videos. FACEBOOK receives a financial benefit from and in connection with the posts on its website.

7. Upon information and belief, Plaintiff alleges that FACEBOOK has the right and/or ability to remove posts, advertising material, and/or other content appearing on its website that contains unauthorized copies of copyrighted works. FACEBOOK has a registered agent with the United States Copyright Office for the receipt of Digital Millennium Copyright Act ("DMCA") takedown notices requesting the removal of such content.

8. Upon information and belief, Plaintiff alleges that Defendants DOES 1 through 10 ("DOE Defendants") (collectively with FACEBOOK, "Defendants") are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual, or otherwise, of DOE Defendants are presently unknown to Plaintiff, which therefore sues said DOE Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

9. Upon information and belief, Plaintiff alleges that at all times relevant hereto, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment; and actively participated in, subsequently ratified, and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO THE SUBJECT WORKS

10. STROSS is a professional photographer and owns over 200 original photographs and videos registered with the U.S. Copyright Office under U.S. Copyright Reg. Nos. PAu003754664, VAu000989644, VAu001088759, VAu001089810, VAu001141050, VAu001198970, and VAu001199288 (collectively, "Subject Works").

11. Upon information and belief, Plaintiff alleges that following the publication and display of the Subject Works, users on FACEBOOK's website copied, displayed, published, reproduced, transmitted, distributed, created derivative works of, and/or otherwise used the Subject Works without license or authorization from STROSS (collectively, the "Infringing Uses"). The Infringing Uses were posted on FACEBOOK's website; hosted on servers owned, operated, and/or controlled by FACEBOOK; and/or hosted on networks owned, operated, and/or controlled by FACEBOOK.

12. True and correct screen captures of the unauthorized uses of the Subject Works are set forth in **Exhibits 1 and 2**. STROSS never licensed, authorized, or consented to the Infringing Uses.

13. On March 20 and 28, 2021, STROSS sent DMCA takedown notices to FACEBOOK requesting removal of the Infringing Uses from FACEBOOK's website.

14. Through at least August 17, 2021, FACEBOOK had not removed any of the Infringing Uses from its website.

15. On August 18, 2021, STROSS sent a letter to FACEBOOK notifying it of its failure to expeditiously remove the Infringing Uses from its website and again requesting that it do so.

16. As of at least September 6, 2021, FACEBOOK had not removed any of the Infringing uses from its website, necessitating this action.

## FIRST CLAIM FOR RELIEF

**(For Copyright Infringement - Against All Defendants, and Each)**

17. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

18. Upon information and belief, Plaintiff alleges that Defendants, and each of them, had access to the Subject Works, including through Plaintiff's website and social media accounts or viewing the Subject Works via the Internet (e.g., search engines or third-party websites).

19. Upon information and belief, Plaintiff alleges that Defendants, and each of them, copied, displayed, published, reproduced, transmitted, distributed, created derivative works of, and/or otherwise used the Subject Works on FACEBOOK's website without license, authorization, or consent from Plaintiff.

20. Upon information and belief, Plaintiff alleges that, as of March 2021, FACEBOOK had actual knowledge, or was aware of the facts or circumstances, of the Infringing Uses.

21. Upon information and belief, Plaintiff alleges that FACEBOOK did not remove, or disable access to, the Infringing Uses for at least six months.

22. Upon information and belief, Plaintiff alleges that FACEBOOK's knowledge or awareness of the Infringing Uses, in combination with its failure to act expeditiously to remove, or disable access to, the Infringing Uses after obtaining knowledge or awareness of the Infringing Uses, removes the safe harbor

afforded to FACEBOOK under 17 U.S.C. § 512, and renders FACEBOOK liable for copyright infringement.

23. Due to Defendants', and each of their, acts of copyright infringement, Plaintiff has suffered damages in an amount to be established at trial.

24. Due to Defendants', and each of their, acts of copyright infringement, Defendants, and each of them, have obtained profits they would not have realized but for their infringement of the Subject Works. As such, Plaintiff is entitled to disgorgement of Defendants', and each of their, profits attributable to the infringement of the Subject Works in an amount to be established at trial.

25. Upon information and belief, Plaintiff alleges that Defendants, and each of them, have committed acts of copyright infringement which were willful, intentional, and malicious.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

a. That Defendants, each of them, their respective agents, and anyone acting in concert with Defendants and/or their agents, be enjoined from copying, displaying, publishing, reproducing, transmitting, distributing, creating derivative works of, and/or otherwise using the Subject Works, including an order requiring Defendants, and each of them, to remove the Subject Works from FACEBOOK's website;

b. That Plaintiff be awarded all profits of Defendants, and each of them, attributable to their infringement, plus all losses of Plaintiff, the exact sum to be proven at the time of trial; or, if elected, statutory damages as available under 17 U.S.C. § 504;

c. That Plaintiff be awarded its attorneys' fees under 17 U.S.C. § 505;

d. That Plaintiff be awarded pre-judgment interest as allowed by law;

e. That Plaintiff be awarded the costs of this action; and

f. That Plaintiff be awarded such further legal and equitable relief as the

Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: October 7, 2021

DONIGER/BURROUGHS

By: /s/ Stephen M. Doniger
Stephen M. Doniger, Esq.
Benjamin F. Tookey, Esq.
Attorneys for Plaintiff